UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 12-22258-CIV-ALTONAGA/Simonton

**TONYA MANNING**,

    Plaintiff,

vs.

**CARNIVAL CORPORATION**,

    Defendant.

_____/

**ORDER**

**THIS CAUSE** came before the Court on Defendant, Carnival Corporation's ("Carnival['s]") Motion to Dismiss Plaintiff's Complaint ("Motion") [ECF No. 10], filed August 1, 2012. The Court has carefully reviewed the parties' written submissions and applicable law.

**I. BACKGROUND**[1]

Plaintiff Tonya Manning ("Manning") was a passenger aboard the *Carnival Valor* ("Vessel") during its Make-A-Wish charity cruise. (*See* Compl. ¶ 1 [ECF No. 1]). Manning's son, Tyler, is terminally ill and it was his wish to swim with the dolphins. (*See id.*). After discussions with Carnival regarding selection of the tour operator, Manning selected the Controladora Dolphin SA de CV as the tour operator for the dolphin encounter at Cozumel, Mexico. (*See id.* ¶ 2). After the dolphin encounter but still during the excursion at the Chankanaab Park, Plaintiff walked down an unreasonably dangerous stairway to get to the beach and lost her footing, falling, and fracturing her left ankle. (*See id.* ¶ 3). Carnival never warned Manning that the stairways at the park were dangerous. (*See id.*).

---

[1] The allegations of Plaintiff's Complaint are assumed true for purposes of the Motion.

CASE NO. 12-22258-CIV-ALTONAGA

Once returned to the Vessel, Manning visited the ship's medical facility where she was diagnosed with a left fibular fracture. (*See id.* ¶ 4). Manning has since had surgery and has undergone physical therapy. (*See id.*).

Based upon the events and damages sustained, Manning brings a two-count Complaint. Count I, entitled "Negligence," alleges that Carnival owed her a duty of reasonable care; and it breached that duty by (1) selecting an excursion having an unreasonably dangerous stairway in an area it could expect Manning to visit, and (2) failing to warn of the danger. (*Id.* ¶¶ 9, 11). Count II, entitled "Negligent Selection of Tour Operator," alleges Carnival had a duty to select a tour operator competent to perform the excursion, and Carnival breached that duty. (*Id.* ¶¶ 15, 16). Carnival moves to dismiss both counts for failure to state a claim.

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 129 S. Ct. at 1950 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at

556). When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

### III. ANALYSIS

In its Motion, Carnival makes the following arguments: (1) the claims stated in Counts I and II are duplicative and must be dismissed, (2) Count I fails to state a claim for negligence in that Manning has alleged an improper duty of care, and (3) Count II fails to state a claim for negligent hiring/selection. These arguments are addressed below.

A.   Duplicative Claims

Carnival complains that Count I alleges negligence, in part, due to Carnival's negligent selection of the tour operator, and yet, Count II also seeks to hold Carnival liable for negligent selection of the tour operator. (*See* Mot. 3). Asserting that the claims are duplicative, Carnival seeks an order dismissing the claims. Manning points out in her Response [ECF No. 22], however, that Count I alleges Carnival's negligence in its selection of the excursion location and its failure to warn of the dangerous stairway at that location, while Count II alleges Carnival's negligence in its selection of the particular tour operator. Carnival emphasizes in its Reply that in truth Count I references Carnival's negligence in its selection of the excursion rather than the location itself. (*See* Reply 2 [ECF No. 25]).

The argument that a claim is duplicative is generally raised in the context of separate suits raising the same claim, rather than a single action raising duplicative claims. *See, e.g., Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) ("As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another

3

federal court suit." (citations omitted)); *I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1551 (11th Cir. 1986) ("It is well established 'as between federal district courts, . . . the general principle is to avoid duplicative litigation.'" (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976))). Nevertheless, challenges to duplicative claims sometimes arise in the context of claims asserted in the same pleading. "Duplicative claims are those that stem from identical allegations, that are decided under identical legal standards, and for which identical relief is available." *Wultz v. Islamic Republic of Iran*, 755 F. Supp. 2d 1, 81 (D.D.C. 2010) (citation omitted). To promote judicial economy, a court "should dismiss claims that are duplicative of other claims." *Id.* (citation omitted). *See also Giambra v. Wendy's Int'l, Inc.*, No. 8:08-cv-2016-T-27EAJ, 2009 U.S. Dist. LEXIS 50357, *6 n.1 (M.D. Fla. June 16, 2009) ("[A] claim for 'negligent supervision' may exist based on an employee's negligent supervision of another. This tort is, however, essentially based on an ordinary negligence prima facie case, which would be duplicative of Count Three in this case." (internal citations omitted)).

Carnival is correct that Counts I and II are somewhat duplicative: both are claims of negligence by Carnival. Count I recites elements of a cause of action in negligence, and lists the various ways Carnival breached its duty of reasonable care by visiting Chankanaab Park and deciding to offer excursions that take place at that park, while failing to warn of dangers associated with it, including the dangerous and dilapidated stairway. (*See* Compl. ¶ 10). Count II recites the elements of a cause of action of negligent selection, and lists the various ways Carnival breached its duty of reasonable care in selecting an improper tour operator in charge of the improper excursion. (*See id.* 6). Certainly both counts stem from Carnival's failures associated with the excursion/tour operator, and both seek identical relief. Nevertheless, the

CASE NO. 12-22258-CIV-ALTONAGA

Court fails to see how requiring Manning to plead all of Carnival's associated breaches of its duty of care in one count will add to judicial economy and justify dismissing one or the other of the claims for relief.

    B.    Count I

Carnival next argues that Count I fails to state a claim for negligence because Manning alleges an improper duty of care. Carnival insists the duty by a shipowner in the selection of a shore excursion operator is reasonable care, that duty is fulfilled when the independent contractor's fitness is inquired into, and Manning fails to allege Carnival did not make such a general inquiry. (*See* Mot. 3–4). Furthermore, Carnival complains that Manning includes additional allegations regarding the dangerous stairway and the absence of assistance or instructions in crossing it safely (*see* Compl. ¶¶ 11(a)–(c)), that effectively expand the duty of care owed. Carnival asks that those paragraphs of Count I be dismissed with prejudice or dismissed for failure to state a claim. (*See* Mot. 4–5).

First, the Court is not persuaded by a request seeking dismissal of paragraphs of a count in a complaint for failure to state a claim. Either the count states a claim or it does not. In essence, Carnival is asking the Court to strike allegations, a request not properly raised in a motion relying on Rule 12(b)(6).

Second, the Court is unaware of any authority requiring a plaintiff to allege that a defendant did not make a general inquiry into the reputation and safety record of an independent contractor, where the claim, as phrased, is that the defendant's negligence consists of failing to warn of dangerous conditions it was aware of and negligence in the selection of a shore excursion location. Carnival's reliance on *Jackson v. Carnival Cruise Lines, Inc.*, 203 F. Supp.

CASE NO. 12-22258-CIV-ALTONAGA

2d 1367 (S.D. Fla. 2002), for this proposition is misplaced, as that case addressed whether there was evidentiary support at the summary judgment stage for a claim pleaded. In its Reply Carnival concedes this point and the undersigned's decision in *McLaren v. Celebrity Cruises, Inc.*, No. 11-23924-CIV-ALTONAGA/Simonton, 2012 U.S. Dist. LEXIS 68321, at *12 (S.D. Fla. May 16, 2012), where the Court refused to strike duties which arguably arose from a heightened duty in a negligent selection and retention claim, where the existence of a duty by the defendant was otherwise properly pleaded. (*See* Reply 3).

Count I properly states a claim.

C. Count II

To state a claim of negligent selection, "a plaintiff must generally plead ultimate facts showing: (1) the contractor was incompetent or unfit to perform the work; (2) the employer knew or reasonably should have known of the particular incompetence or unfitness; and (3) the incompetence or unfitness was a proximate cause of the plaintiff's injury." *McLaren*, 2012 U.S. Dist. LEXIS 68321, at *12. Here, Manning makes those allegations in Count II, and Carnival has withdrawn its argument that she must plead Carnival failed to make a general inquiry into the reputation and safety record of the shore excursion operator in order to state a claim for negligent selection. (*See* Reply 3).

### IV. CONCLUSION

For the foregoing reasons, it is

CASE NO. 12-22258-CIV-ALTONAGA

**ORDERED AND ADJUDGED** that Defendant, Carnival Corporation's Motion to Dismiss Plaintiff's Complaint **[ECF No. 10]** is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 11th day of September, 2012.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record